**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| | : | |
| OSMAN FLORENCIO PABLO ALVAREZ, | : | |
| Petitioner, | : | No. 2:26-cv-01688 |
| | : | |
| vs. | : | |
| | : | |
| J.L. JAMISON, Warden of Federal Detention | : | |
| Center, Philadelphia, JOHN E. RIFE, Acting | : | |
| Philadelphia Field Office Director, United | : | |
| States Immigration and Customs | : | |
| Enforcement; TODD M. LYONS, Acting | : | |
| Director of Immigration & Customs | : | |
| Enforcement, and PAMELA BONDI, in her | : | |
| official capacity as Attorney General of the | : | |
| United States, | : | |
| Respondents. | | |

## ORDER

**AND NOW**, this 24th day of March, 2026, upon consideration of Osman Florencio Pablo Alvarez's Petition for Writ of Habeas Corpus (ECF No. 1), it is hereby **ORDERED** that the Petition (ECF No.1) is **GRANTED** as follows:

1.      Mr. Pablo Alvarez is not subject to detention under 8 U.S.C. § 1225(b)(2) [i];

2.      The Government shall **RELEASE** Mr. Pablo Alvarez from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than **5:00 p.m. ET on March 25, 2026**.

3.      If the Government chooses to pursue re-detention of Mr. Pablo Alvarez pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, where an Immigration Judge shall determine whether detention is warranted pending the resolution of his removal proceedings;

4.      If the Government chooses to pursue re-detention of Mr. Pablo Alvarez pursuant to 8 U.S.C. § 1226(a), the Government cannot remove, transfer, or otherwise facilitate the removal of Mr. Pablo Alvarez from the Commonwealth of Pennsylvania before the ordered bond hearing. If the Immigration Judge determines that Mr. Pablo Alvarez is subject to detention under 8 U.S.C. § 1226(a), the Government may request permission from this Court to move Mr. Pablo Alvarez if unforeseen or emergency circumstances arise that require him to be removed. Any such request must include an explanation for the request as well as a proposed destination. The Court will then determine whether to grant the request and permit transfer of Mr. Pablo Alvarez.

5.      The Clerk of Court shall mark this case closed.

**IT IS SO ORDERED**.

                                        **BY THE COURT:**

                                        */s/ John Milton Younge*
                                        **JOHN MILTON YOUNGE, J.**

---

i       The Court will address the petition without oral argument as both parties agree to rely on their briefs. The recitation of facts contained in this paragraph is drawn from Mr. Pablo Alvarez's Petition for Writ of Habeas Corpus, ECF No. 1 ("Pet. for Habeas Corpus") and is not disputed by the Government for the purposes of resolving this Petition, ECF No. 8. Mr.Pablo Alvarez is a 20-year-old native and citizen of Guatemala. Pet. for Habeas Corpus. He entered the United States around June 18, 2021 as an Unaccompanied Minor and subsequently released from the Office of Refugee Resettlement to the custody of a family member. *Id*. Although Mr. Pablo Alvarez was previously placed into removal proceedings, those proceedings were dismissed on July 21, 2023, and he was designated a Special Immigration Juvenile. *Id*. Mr. Pablo Alvarez was granted deferred action and provided with a work permit. *Id*. Yet, he was detained by ICE while leaving for work on March 13, 2026, and is now detained at the Philadelphia Federal Detention Center. *Id*. Mr. Pablo Alvarez has no criminal record in the United States or anywhere else in the world. *Id*.
A new Notice to Appear was issued on March 13, 2026, and his removal proceedings are scheduled for March 24, 2026. *Id*. Exhibit B.
Petitioner argues that his detention is a violation of the Fifth Amendment's Due Process Clause, the Immigration and Nationality Act, 8 U.S.C. § 1226(a), Bond Regulations, 8 C.F.R. §§

236.1, 1236.1, 1003.19, and the Administrative Procedure Act, 5 U.S.C. § 701, *et. seq*. The gravamen of Petitioner's claim is that he is not subject to mandatory detention without the opportunity for a bail hearing under 8 U.S.C. § 1225(b) because that provision applies only to non-citizens who are "seeking admission" to the United States, rather than non-citizens who are already in the United States pending the outcome of immigration proceedings. The Government argues that the Court should deny the Petition because (1) this Court lacks jurisdiction to intervene in Petitioner's removal proceedings, (2) Petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2), and (3) Petitioner's detention does not violate Constitutional due process requirements. ECF No. 6.

The Government candidly acknowledges that the substantial weight of district court authority has rejected its arguments and that the primary purpose of the Government's briefing is to tee up a potential appeal. *Id.* at 1–2 (noting that the 46 decisions on these issues in this district have unanimously rejected the Government's arguments); *see also Demirel v. Fed. Det. Ctr. Philadelphia*, No. 25-cv-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (noting that of 288 district court decisions from across the country to have addressed the Government's interpretation of the Immigration and Nationality Act, all but six have rejected the Government's argument.)

The Court finds no reason to reiterate the reasoned analyses thoroughly and appropriately rejecting the Government's positions. *See e.g.*, *Demirel*, 2025 WL 3218243; *Kashranov v. Jamison*, No. 25-cv-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Cantu-Cortes v. O'Neill, et al.*, No. 25-cv-6338, 2025 WL 3171639, at *1-2 (E.D. Pa. Nov. 13, 2025). Mr. Quinchi Loja's is not subject to 8 U.S.C. § 1225(b)(2), and thus his detention without the opportunity for a bail hearing is unlawful.